ARMSTRONG, CATOR & CO., v. O. W. CARR, Trustee.

*Co-partnership—Assignment by Firm—Preference of Creditors of Individual Members of Firm.*

1. The creditors of a co-partnership have no lien upon the partnership property as against individual creditors.

2. With the assent of the members of a firm any one of them is free to dispose of the partnership property for his individual use and a creditor cannot intervene to prevent the application.

3. An assignment of partnership property by members of an insolvent firm is not rendered fraudulent as to the firm creditors by a clause therein preferring over partnership creditor's debts due to creditors of the individual partners.

This was a CIVIL ACTION instituted by the plaintiffs partnership creditors of Powell & Wharton to set aside an assignment for fraud, tried before *Hoke, J.*, and a jury at December Term, 1894, of GUILFORD Superior court.

It appeared from the pleadings and admissions of defendants and the evidence, that the assignment provided for the payment of certain individual indebtedness of each of the co-partners, to-wit: A debt of two thousand dollars due one W. D. Wharton as the individual debt of the defendant W. C. Wharton, and two debts, to-wit: For one thousand and five hundred, and seven hundred and fifty dollars due the wife of the defendant Powell.

The debt due W. D. Wharton was admitted to be *bona fide* and was money borrowed by defendant W. C. Wharton to be used by him in the partnership business. And the debts due Mrs. Powell were found by the jury to be genuine *bona fide* debts.

There were also partnership debts in the first-class, to-wit:   The debt to Dr. Lampman and to Mrs. Powell both found by the jury to be *bona fide* debts, and which were more than sufficient to exhaust the assets.

The defendants, the partners, were proved and admitted to be insolvent.   They assigned all the property they owned by the deed of assignment, not reserving any exemptions.   And the property so assigned was partnership property when conveyed, except perhaps the furniture of the defendant Powell, mentioned and conveyed in the deed.

The deed of assignment will be copied and constitute a part of the case.

The action is instituted by the plaintiff's creditors of the defendant firm whose debts are admitted to be justly due, and which said debts were provided for in the deed of assignment but were postponed to the individual debts of the partners above mentioned.

The only two partners being W. C. Wharton and O. N. Powell.

The plaintiffs prayed the Court to instruct the jury that as a matter of law the preference of individual to partnership debts rendered the deed of assignment void, and that the deed for that reason was void and that the Court so instruct the jury.

This was declined and plaintiffs excepted.

Verdict for defendant as set out in the Record.   Motion for new trial—for errors in refusing above prayer for instructions—overruled, and plaintiffs excepted.

Judgment on the verdict for defendants.   Appeal taken by plaintiffs.

*Messrs. L. M. Scott* and *Shaw & Scales*, for plaintiffs (appellants).
*Messrs. Dillard & King, contra.*

MONTGOMERY, J.: If upon the face of a deed of assignment it appears manifestly that its execution was for the purpose of hindering and delaying creditors, and for the ease and advantage of the debtor, the Court may declare it void without the aid of a jury. The plaintiffs in this action insist that because, in the assignment made by the partners of the partnership property, there was a clause which secured certain debts due to creditors of the individuals composing the partnership, this Court should declare the deed void. That is, the only relief which the plaintiffs seek rests upon the idea that they have a lien upon the partnership property as against individual creditors, and that it is a fraud apparent on the face of the deed for the partners to apply the same to their individual debts instead of to their partnership liabilities. There is not only no fraud on the face of this assignment, but such provisions as the plaintiffs object to in this deed have received the sanction of our judicial decisions. In the case of *Allen* v. *Grissom*, 90 N. C., 90, Chief Justice SMITH, for the Court, treats fully the questions of the rights of creditors, and also of those of the partners in the partnership property. In that opinion he says: "With the assent of the partners, any one of them is free to dispose of the company's effects for his individual use, and a creditor cannot intervene to prevent the application." This is the doctrine established by repeated recognitions in this Court, from which, whatever may have been the decisions elsewhere, we are not at liberty to depart, and it commends itself to our approval. In the case of *Davis* v. *Smith*, 113 N. C., 94, this Court, Justice AVERY delivering the opinion,

approved, with citations from *Allen* v. *Grissom, supra*, the law set forth in that case.

There is no error in the ruling of the court below, and the judgment is affirmed.

Affirmed.